# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MARTIAL ARTS INDUSTRY )
ASSOCIATION, L.L.C.; and CENTURY )
MARTIAL ART SUPPLY L.L.C., )
formerly known as CENTURY MARTIAL )
ART SUPPLY, INC., )
 )
        Plaintiffs, )
 )
vs. ) Case No. CIV-09-140-M
 )
KEITH SCOTT, an individual, and )
ADAM PARMAN, an individual, )
 )
        Defendants. )

## ORDER

Before the Court is plaintiffs' Motion for Leave to Retake/Re-Open the Deposition of Defendant Keith Scott, filed June 10, 2010. On June 25, 2010, defendant Keith Scott ("Scott") filed his response, and on July 2, 2010, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

Scott was first deposed for an entire day on November 5, 2009. Plaintiffs now move this Court for leave to retake and/or re-open the deposition of Scott in Oklahoma City, Oklahoma at the offices of plaintiffs' counsel on the limited subjects of: (1) Scott's involvement in an alleged conspiracy to cause significant property damage to plaintiffs' headquarters, the details of which were discussed at the continuation of defendant Adam Parman's ("Parman") deposition in February 2010; (2) documents produced by Viral Kung Fu after Scott's deposition and in response to plaintiffs' subpoena, and (3) certain testimony by Parman that constituted a key admission and was either inconsistent with or in addition to Scott's deposition testimony.

Federal Rule of Civil Procedure 30(a)(2)(A)(ii) provides:

>     A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2);
>
>                     *          *          *
>
>     (A)   if the parties have not stipulated to the deposition and:
>
>                     *          *          *
>
>           (ii)   the deponent has already been deposed in the case; . . . .

Fed. R. Civ. P. 30(a)(2)(A)(ii). Additionally, Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
>     (i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
>     (ii)   the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
>     (iii)  the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs have not shown sufficient cause to retake/re-open Scott's deposition. First, the Court finds that it would impose a great burden on Scott to travel to Oklahoma for any additional deposition. Second, the

Court finds that plaintiffs had the opportunity to obtain the documents from Viral Kung Fu prior to Scott's first deposition so that they could question Scott regarding the documents during his first deposition. Additionally, plaintiffs could have taken the deposition of a Viral Kung Fu representative regarding these documents. Third, Parman provided full details regarding the alleged conspiracy to cause property damage to plaintiffs' headquarters when he testified at his deposition. The Court finds the value of any additional information plaintiffs could obtain through questioning Scott during a second deposition does not outweigh the burden to Scott that re-opening his deposition would cause. Fourth, the Court finds that the appropriate forum to address any conflicts between the testimony of Scott and Parman is during the cross examination of Scott at trial. Finally, the Court is somewhat troubled by the lengthy delay between the time that plaintiffs became aware of the alleged need to re-open Scott's deposition and the time that plaintiffs actually requested leave to retake/re-open the deposition.

Accordingly, the Court DENIES plaintiffs' Motion for Leave to Retake/Re-Open the Deposition of Defendant Keith Scott [docket no. 49].

**IT IS SO ORDERED this 7th day of July, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE